UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN SCHAAP,

          Plaintiff,

v.                                                                Case No. 22-10596

ALLY FINANCIAL, INC.,

          Defendant.
_____/

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND TERMINATING PENDING MOTIONS AS MOOT**

On June 7, 2022, the court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 9, PageID.150; ECF No. 10.) On the same day, the court expressed its concern that it has "no way of effectively serving Plaintiff with the necessary papers to proceed with this action" in light of Plaintiff's inability to provide a mailing address. (ECF No. 9, PageID.150.) Considering Plaintiff had made it clear he has access to the Internet, the court further explained:

> To ensure that both the court and Defendant can properly serve Plaintiff with documents going forward, the court will direct Plaintiff to provide his e-mail address. Alternatively, in the event Plaintiff has secured a residence or stable mailing address, he may provide a physical address to the court. Plaintiff should be aware that failure to provide the court with a means of serving him could result in dismissal of his case. See E.D. Mich. LR 11.2 ("The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.").

(*Id.*, PageID.151.) The court directed Plaintiff to provide either an e-mail or physical address to the court by June 30, 2022. (*Id.*)

On July 13, 2022, the court issued an order which noted that, at that time, "the court has not received any sort of communication from Plaintiff regarding (1) an electronic or physical address for purposes of service or (2) his intent to pursue this litigation. Nor has Plaintiff provided the address of Defendant so that it can be served." (ECF No. 13, PageID.158-59.) The order further directed Plaintiff to show cause why the case should not be dismissed for failure to prosecute by July 21, 2022. To date, no response has been received, and the court has still not been contacted in any manner by Plaintiff.

Under the Eastern District of Michigan's Local Rules, the court after reasonable notice may on its own, when "it appears that . . . the parties have taken no action for a reasonable time," enter an order dismissing the case. E.D. Mich. LR 41.2. Indeed, a court has authority to dismiss an action for noncompliance of a local rule where "the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). The court's authority to do so aids in avoiding "unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Courts consider four major factors under Rule 41(b) in determining whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were

imposed or considered before dismissal of the action.
*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). While no single factor is outcome dispositive, "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

First, Plaintiff appears to have intentionally abandoned the case. On March 29, 2022, the court issued a notice to Plaintiff regarding his responsibility to notify the court of any changes to his address. (ECF No. 6.) Just one day later, Plaintiff mailed a letter to inform the court of the housing circumstances and that he has access to the Internet. (ECF No. 8.) Despite his previous clear intent to promptly address all matters arising in the course of his action, Plaintiff has now failed to provide the court with any meaningful update since the court's June 7 order. Such a sharp change in Plaintiff's mode of operation leads the court to conclude that his failure to communicate with the court is intentional; indeed, the court has not heard from Plaintiff since it received his letter on April 5, 2022. But even if there is some doubt as to whether Plaintiff's failure to prosecute is due to willfulness, bad faith, or fault, plaintiffs generally "cannot expect that the [c]ourt or defendants will be able to find him, and defendants cannot be expected to defend an action which [a] plaintiff has apparently abandoned." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (Hood, J.).

As to the second factor, Defendant is clearly prejudiced by the fact that it has no way of contacting Plaintiff. If Defendant was interested in settling the matter privately, Defendant could not reach Plaintiff. If Defendant wanted to serve Plaintiff with an answer or motion that required a response, Defendant would have no way of doing so.

3

Discovery would be impossible to conduct without a way to effectively communicate with Plaintiff.

As to the third and fourth factors, the court warned Plaintiff as early as June 7 that this case could be dismissed if he failed to provide any update as to his contact information. (ECF No. 9, PageID.151 (explaining that Plaintiff "should be aware that failure to provide the court with a means of serving him could result in dismissal of his case".) The court once again warned Plaintiff of this possibility by issuing an order directing him to show cause why the case should not be dismissed; still, the court has heard nothing from Plaintiff. There is currently no explanation as to why Plaintiff demonstrated an intent to quickly inform the court of any and all updates but has now seemingly abandoned any desire to communicate with the court. While "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant," dismissal is appropriate where there is a pattern of delay or apparent abandonment of a case. *See McCaskill v. Haas*, No. 14-CV-12157-DT, 2015 WL 3932518, at *3 (E.D. Mich. June 26, 2015 (quoting *White*, 2008 WL 2216281, at *5). Not only has Plaintiff now twice failed to respond to the court's orders, the court and Defendant are unable to properly serve him with any necessary documents through the course of this action.

In short, under both the rules of this court and the Federal Rules of Civil Procedure, dismissal is warranted. *See* E.D. Mich. LR 11.2 ("The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs."); E.D. Mich. LR 41.2 ("[W]hen it appears that . . . the parties have taken no action for a reasonable time, the

4

Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."). Plaintiff has not complied with the court's orders to provide any viable address so that litigation can proceed forward. The court will dismiss the case without prejudice. Accordingly,

IT IS ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Injunctive Relief" (ECF No. 3) and "Motion to Compel Production of Document" (ECF No. 4) are TERMINATED AS MOOT.

    s/Robert H. Cleland    /  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 1, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 1, 2022, by electronic and/or ordinary mail.

    s/Lisa Wagner    /  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\22-10596.SCHAAP.DismissingComplaint.MAZ.docx